1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LINDA ENGER, individually and on   )
     behalf of all others similarly     )
12   situated,                          )
                                        )
13                  Plaintiff,          )    2:09-cv-02618-GEB-EFB
                                        )
14             v.                       )    ORDER GRANTING DEFENDANTS'
                                        )    MOTION TO DISMISS*
15   ALLSTATE INSURANCE COMPANY, an     )
     Illinois Corporation, and ALLSTATE )
16   PROPERTY AND CASUALTY COMPANY, an  )
     Illinois Corporation,              )
17                                      )
                    Defendants.         )
18   _____)

19        On October 15, 2009, Defendants Allstate Insurance Company

20   ("Allstate") and Allstate Property and Casualty Company filed a motion

21   under Federal Rule of Civil Procedure 12(b)(6) in which they seek an

22   order dismissing Plaintiff's complaint, or alternatively, an order

23   compelling appraisal and staying this action pending completion of the

24   appraisal process.  (Docket No. 16).  At issue in this motion is

25   whether Plaintiff must complete the appraisal process in her insurance

26

27   _____

28        *    This matter is deemed to be suitable for decision without oral
     argument.  E.D. Cal. R. 230(g).

1

policy before her claims may be heard by a court.[1]  For the reasons
stated below, Defendants' motion to dismiss is GRANTED.

    I.   <u>Legal Standard</u>

    "In deciding . . . a [Federal Rule of Civil Procedure 12(b)(6)
dismissal] motion, all material allegations of the complaint are
accepted as true, as well as all reasonable inferences to be drawn
from them.  Dismissal is proper only where there is no cognizable
legal theory or an absence of sufficient facts alleged to support a
cognizable legal theory."  <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th
Cir. 2001).  To avoid dismissal, plaintiff must allege "enough facts
to state a claim to relief that is plausible on its face."  <u>Bell
Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 (2007).

    Defendants request that judicial notice be taken of the insurance
policy referenced in Plaintiff's complaint as well as a letter sent by
Allstate to Plaintiff. (Request for Judicial Notice, Ex. A and B.)
Plaintiff does not dispute the authenticity of either document.
"[T]he incorporation by reference doctrine [applies] to situations in
which the plaintiff's claim depends on the contents of a document, the
defendant attaches the document to its motion to dismiss, and the
parties do not dispute the authenticity of the document, even though
the plaintiff does not explicitly allege the contents of that document
in the complaint."  <u>Kneivel v. ESPN</u>, 393 F.3d 1068, 1076 (9th Cir.
2005)(citations and quotations omitted).  This doctrine applies to the
referenced insurance policy and letter.  Therefore, the court "take[s]
into account" the insurance policy and letter as though they were
incorporated into the complaint.  <u>Id.</u>  "In doing so, [the court]

---

[1]  Defendants make other arguments in their motion which are not
addressed since the motion will be decided on this ground.

deviate[s] from the general rule that courts, when ruling on a motion to dismiss, must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint." Id.

II.  Background

Plaintiff's home and "the personal property therein" was damaged by a fire on May 15, 2007. (Compl. ¶ 21.)  At the time of the fire, Plaintiff was insured under a Deluxe Plus Homeowner's Policy issued by Allstate.  After the fire, Allstate and Plaintiff were unable to agree on the value of Plaintiff's damaged or destroyed personal property, allegedly due to Allstate's method of calculating depreciation. (Compl. ¶¶ 24-37.)

Plaintiff filed a complaint in the Superior Court for the State of California in the County of Sacramento on August 12, 2009, alleging claims for breach of contract, breach of the covenant of good-faith and fair dealing and violation of California Business and Professions Code Section 17200 *et seq.* and California Civil Code Section 1770 *et seq.*  Plaintiff seeks declaratory and injunctive relief, and actual and punitive damages.  (Compl. ¶¶ 48-53, Prayer for Relief.) Defendants removed the case to this federal district court on September 18, 2009.

Plaintiff's claims relate to her allegation that Allstate's use of standardized depreciation schedules to calculate the depreciation of damaged or destroyed personal property violates both the parties' contract and applicable California law.  (Id. ¶ 13.)  Specifically, Plaintiff alleges that "instead of considering the actual condition of the lost or destroyed items of personal property, Allstate uses a standard Contents Estimating System ("CES") that depreciates all items

3

based on standardized depreciation tables built into its computer
systems . . . .  Through use of its CES, Allstate is [allegedly] able
to substantially reduce the amount of money it pays its insureds by
assuming high levels of depreciation irrespective of the actual
physical condition of the lost property."  (Id. ¶¶ 12-13.)  Plaintiff
alleges that as a result of Allstate's improper method of calculating
depreciation, "Allstate failed to pay [her] approximately $23,300 in
lost value [for her personal property] that it should have paid under
[her insurance] policy and applicable law."  (Id. ¶ 39.)

        Plaintiff also seeks to bring her claims against Defendants as a
class action, through which she would represent a class defined as
"[a]ll California residents insured under an Allstate homeowners
insurance policy who received a first party settlement, or offer for
settlement, of a personal property claim for less than the applicable
policy limits between July 27, 2005 and the time of trial of this
action."  (Compl. ¶ 2.)

        Allstate contends that under California law and Plaintiff's
insurance policy, Plaintiff is obligated to follow the appraisal
procedure applicable to the parties disagreement.  Allstate "invok[ed]
the appraisal clause" of the parties' insurance policy in a letter to
Plaintiff dated September 29, 2009.  (Request for Judicial Notice, Ex.
B.)

        III. Discussion

        Defendants argue Plaintiff's complaint should be dismissed
because "Plaintiff is obligated [under her insurance policy with
Allstate] to complete the appraisal process before bringing suit
. . . ."  (Mot. to Dismiss 6:16-17.)  Plaintiff counters her claims
"are prerequisites to the appraisal process" since a court "must first

4

1  determine the proper standard" to be applied.  (Opp'n. 5:14-18.)

2  Plaintiff also argues she may not be compelled to go through the

3  appraisal process since an appraiser would have no authority to

4  consider her claims.  (Opp'n. 5.)

5      California "Insurance Code sections 2070 and 2071 mandate a

6  standard form of fire insurance policy, which under section 2071, must

7  contain, among other things, a standard appraisal clause which

8  provides if the insured and the company disagree as to the actual cash

9  value of a loss, then each shall select a competent and disinterested

10  appraiser and the two selected appraisers then choose a third such

11  appraiser."  Figi v. New Hampshire Ins. Co., 108 Cal.App.3d 772, 776

12  (1980).  Plaintiff's homeowner's insurance policy includes the

13  following standard form appraisal provision:

14      In case the insured and [Allstate] shall **fail to agree as to
        the actual cash value or the amount of loss**, then, on the

15      written request of either, each shall select a competent and
        disinterested appraiser and notify the other of the

16      appraiser selected within 20 days of the request.  Where the
        request is accepted, the appraisers shall first select a

17      competent and disinterested umpire; and failing for 15 days
        to agree upon the umpire, then, on request of the insured or

18      [Allstate], the umpire shall be selected by a judge of a
        court of record in the state in which the property covered

19      is located . . . .  The appraisers shall then appraise the
        loss, stating separately actual cash value and loss to each

20      item; and, failing to agree, shall submit their differences,
        only, to the umpire.  An award in writing, so itemized, of

21      any two when filed with [Allstate] shall determine the
        amount of actual cash loss.  Each appraiser shall be paid by

22      the party selecting him or her and the expenses of appraisal
        and umpire shall be paid by the parties equally. . . .

23

24  (Request for Judicial Notice, Ex. A-10)(emphasis added).  Plaintiff's

25  insurance policy also provides that "[n]o suit or action may be

26  brought against [Allstate] unless there has been full compliance with

27  all policy terms."  (Request for Judicial Notice, Ex. A-2.)

28

1    "It is well settled [under California law] that an agreement to

2  conduct an appraisal contained in a policy of insurance . . . is

3  considered to be" an agreement to arbitrate "subject to the statutory

4  contractual arbitration law." Lambert v. Carneghi, 158 Cal.App.4th

5  1120, 1129 (2008)(citations and quotations omitted).  "[T]he appraisal

6  process set forth in section 2071 [and included in Plaintiff's

7  insurance policy] is [therefore] akin to [an] arbitration

8  [provision]." Id. at 1130 (quotations and citations omitted).

9  "[W]here a contract contains an arbitration clause, there is a

10 presumption of arbitrability.  An order to arbitrate the particular

11 grievance should not be denied unless it may be said with positive

12 assurance that the arbitration clause is not susceptible of an

13 interpretation that covers the asserted dispute.  Doubts should be

14 resolved in favor of [arbitration]." Comedy Club, Inc. v. Improv West

15 Associates, 553 F.3d 1277, 1284-85 (9th Cir. 2009)(citations and

16 quotations omitted).  "Thus, the appraisal provision in Plaintiff's

17 [insurance] policy is [presumptively] valid and should be given a

18 liberal interpretation." Garner v. State Farm Mutual Automobile Ins.

19 Co., 2008 WL 2620900, No. C 08-1365, at *6 (N.D. Cal. June 30, 2008).

20     Defendant argues under Community Assisting Recovery, Inc. v.

21 Aegis Security Ins. Co., 92 Cal.App.4th 886 (2001), Plaintiff's

22 complaint must be dismissed for failure to exhaust the appraisal

23 process provided for in the insurance policy.  (Mot. to Dismiss 6.)

24 Plaintiff disagrees, contending this "argument . . . is based on a

25 misreading of dicta [from Community Assisting Recovery]."  (Opp'n. 5.)

26     In Community Assisting Recovery, the plaintiff brought suit

27 against 194 insurance companies under California Business and

28 Professions Code section 17204, alleging that, in violation of

California Insurance Code sections 2070 and 2071, the defendants were improperly adjusting property loss claims on the basis of replacement cost less depreciation rather than on the basis of fair market value. Community Assisting Recovery, 92 Cal.App.4th at 890.  The court concluded that the plaintiff had failed to state a claim, in part, because it had failed to utilize the "appraisal process provided by the Legislature within Insurance Code section 2071"; the court also found that the practice of using the replacement cost less depreciation method of valuation was not an unfair business practice. Id. at 892-93.  The court in Community Assisting Recovery, however, noted that "Insurance Code section 2071 requires appraisal for resolution of contested claims . . . .  Thus, notwithstanding how the insurer approaches valuation of the damaged property during adjustment of the claim, the Legislature has provided the remedy to which the parties must resort for determination of the amount of the loss." Id. at 893.

Community Assisting Recovery has been interpreted as holding that the appraisal process must be exhausted before suit may be brought. See Goldberg v. State Farm Fire and Casualty Co., No. CV 01-11193 LGB (EX), 2002 WL 768893, at *2-3 (C.D. Cal. Apr. 5, 2002).  In Goldberg, the plaintiff alleged that the defendant "failed to pay the full amount of actual cash value required under the [insurance policy] by deducting depreciation from the payment to [the] [p]laintiff." Id. at *1.  The Goldberg court held that Community Assisting Recovery barred the plaintiff's claims since the plaintiff had not exhausted the appraisal process prior to bringing suit.  Id. at *2.  The Goldberg court therefore concluded that the "appraiser [is to have] the first

opportunity to address the valuation issue, and only if the appraiser errs should the issue be brought before a court." Id. at *3.

Further, the district court in Garner v. State Farm Mutual Automobile Ins. Co. similarly granted the defendant's motion to dismiss since the plaintiff had failed to comply with the appraisal process provided in her insurance policy. 2008 WL 2620900, at *7-8. The plaintiff in Garner alleged that the defendant insurance company's method of claim valuation violated California insurance law and the scope of the appraisal clause in her insurance policy did not extend to the issues she sought to litigate. Id. at *2-3. However, the Garner court rejected the plaintiff's arguments, holding that "because [the plaintiff] did not comply with the policy's [appraisal provision], she failed to satisfy the contractual condition precedent to bringing [her lawsuit.]" Id. The Garner court found that "it [was] immaterial that the disagreement [between the parties was] based upon [the] [p]laintiff's objection to [the] [d]efendant's valuation method" since "the dispute, is at its core, about the value of [the] [p]laintiff's [property]." Id. at *7.

As in Garner, Plaintiff's dispute with Allstate, is "at its core, about the value of Plaintiff's [personal property]. She claims that, by using an improper method of [calculating depreciation], [Allstate] offered to pay her less than her [personal property] was worth. She therefore literally disagrees with [Allstate] . . . [that the sum offered] represents the actual cash value of her [personal property]. For purposes of interpreting the contractual language, it is immaterial that this disagreement is based on Plaintiff's objections to Defendant's . . . method [of calculating depreciation]." Garner, 2008 WL 2620900, at *7. Since "there is a disagreement between the

parties as to the actual cash value of Plaintiff's [personal property], . . . the appraisal clause is triggered." Id. at 8. "Although the present case . . . is much more than a simple disagreement over the value of Plaintiff's [personal property], this does not change the fact that there is such a disagreement . . . . Pursuant to the terms of the contract, [completion of the appraisal process is] a precondition to Plaintiff's filing a lawsuit." Id. at *7 (emphasis in original).  Therefore, Plaintiff's claims against Allstate are not ripe for judicial determination.

IV. Conclusion

Since Plaintiff has failed to exhaust the appraisal process as required under her insurance policy and California Insurance Code section 2071, Defendants' motion to dismiss is GRANTED and Plaintiff's complaint is DISMISSED.  This action shall be closed.

Dated:  December 8, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge